**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEORGIA M. BROWN,

    Plaintiff,

v.                                                      Case No. 11-15508

VHS OF MICHIGAN, INC.,

    Defendant.
                                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL**

Plaintiff moves to compel both a production of documents and a court-ordered mediation. Defendant responds to each motion, and Plaintiff replies in support of the demand for documents. Neither a reply in support of mediation nor a hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

Discovery closed on September 13, 2012, about ten weeks before Plaintiff submitted the motion seeking documents. Although she recently switched counsel, Plaintiff still needed to say why her previous counsel failed to request the documents during discovery. The unexplained delay is a sufficient reason to deny the motion. *See* 8B Wright & Miller, *Federal Practice & Procedure* § 2285 (3d ed.) (collecting cases at nn. 11, 13). If the motion were timely, however, it would still fail. The motion provides a title for each document—"the Yo Holds report," for example—but, because no further description appears, the titles remain impenetrable to the reasonable reader. Plaintiff says the documents "should have been disclosed by Defendant in its Rule 26(a) initial

disclosure," but she fails to elaborate. Her motion never explains how the documents are relevant. *See* Fed. R. Civ. P. 26(b)(1).

As for mediation, it is true that the district court's power to supervise a litigation includes the power to order a party to mediate. *In re Atlantic Pipe Corp.*, 304 F.3d 135, 143-45 (1st Cir. 2002) ("[I]t is within a district court's inherent power to order non-consensual mediation [when it] seems reasonably likely to serve the interests of justice."); *Bouchard Transp. Co. v. Fl. Dept. of Enviro. Protection*, 91 F.3d 1445, 1448 (11th Cir. 1996) ("We review the district court's order overruling [the appellant's] objections to mediation for an abuse of discretion."); *see also* E.D. Mich. LR 16.3; *Rhea v. Massey-Ferguson, Inc.*, 767 F.2d 266, 268-69 (6th Cir. 1985). "When mediation is forced upon unwilling litigants," however, "it stands to reason that the likelihood of settlement is diminished." *Atlantic Pipe*, 304 F.3d at 144. The likelihood of settlement presumably drops further when one party attempts to foist mediation on the other. Defendant says it sees no need for mediation because its motion for summary judgment will succeed. This assessment appears genuine, and plausible enough to spoil any prospect of compromise at this time. Accordingly,

IT IS ORDERED that Plaintiff's motions to compel [Dkts. # 25, 27] are DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 12, 2012, by electronic and/or ordinary mail.

                                          s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522